

FILED _____  LODGED
RECEIVED _____ COPY

OCT 2 9 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

1  **GARY M. RESTAINO**
   United States Attorney
2  District of Arizona

3  **JACQUELINE SCHESNOL**
   Assistant U.S. Attorney
4  Arizona State Bar No. 016742
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
6  Telephone: 602-514-7500
   Email: jacqueline.schesnol@usdoj.gov
7  Attorneys for Plaintiff

8              IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF ARIZONA

10

11  United States of America,                    No. CR 23-01809-002-PHX-DGC

                         Plaintiff,
12                                               **PLEA AGREEMENT**

13            vs.

14  Isaac Ray Godfrey,

15                         Defendant.

16

17         Plaintiff, United States of America, and the defendant, ISAAC RAY GODFREY,

18  agree to resolve this matter on the following terms and conditions:

19  **1.    PLEA**

20         The defendant will plead guilty to Count 14 of the indictment charging the defendant

21  with a violation of 18 United States Code (U.S.C.) §§ 922(a)(6), 924(a)(2), and 2, Material

22  False Statement During the Purchase of a Firearm, Aid and Abet, a Class C felony offense.

23  **2.    MAXIMUM PENALTIES**

24         a.    A violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2) is punishable by a

25  maximum fine of $250,000.00, a maximum term of imprisonment of ten years, or both,

26  and a term of supervised release of up to three years. A maximum term of probation is five

27  years, including a minimum term of one year if probation is imposed.

28

    **b.**    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

        (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

        (2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

        (3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

        (4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

    **c.**    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.**    <u>**AGREEMENTS REGARDING SENTENCING**</u>

    **a.**    <u>Stipulation: Sentencing Cap.</u> Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed the mid-range of the sentencing range as calculated under U.S.S.G. § 1B1.1(a). This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

    **b.**    <u>Non-Binding Recommendations.</u>    The defendant understands that recommendations are not binding on the Court. The defendant further understands that the

1 | defendant will not be permitted to withdraw the guilty plea if the Court does not follow a
2 | recommendation.

3 |      c.     <u>Assets and Financial Responsibility</u>.   The defendant shall make a full
4 | accounting of all assets in which the defendant has any legal or equitable interest. The
5 | defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or
6 | transfer any such assets or property before sentencing, without the prior approval of the
7 | United States (provided, however, that no prior approval will be required for routine, day-
8 | to-day expenditures). The defendant also expressly authorizes the United States Attorney's
9 | Office to immediately obtain a credit report as to the defendant in order to evaluate the
10 | defendant's ability to satisfy any financial obligation imposed by the Court. The defendant
11 | also shall make full disclosure of all current and projected assets to the U.S. Probation
12 | Office immediately and prior to the termination of the defendant's supervised release or
13 | probation, such disclosures to be shared with the U.S. Attorney's Office, including the
14 | Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the
15 | Inmate Financial Responsibility Program to fulfill all financial obligations due and owing
16 | under this agreement and the law.

17 |      d.     <u>Acceptance of Responsibility</u>.   If the defendant makes full and complete
18 | disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's
19 | commission of the offense, and if the defendant demonstrates an acceptance of
20 | responsibility for this offense up to and including the time of sentencing, the United States
21 | will recommend a two-level reduction in the applicable Sentencing Guidelines offense
22 | level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more,
23 | the United States will move the Court for an additional one-level reduction in the applicable
24 | Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

25 | **4.**     <u>**AGREEMENT TO DISMISS OR NOT TO PROSECUTE**</u>

26 |      a.     Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss
27 | Counts 1 – 13, and 15 - 42 at the time of sentencing, as to this defendant only.

28 |

1    b.    This agreement does not, in any manner, restrict the actions of the United

2    States in any other district or bind any other United States Attorney's Office.

3    **5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

4    a.    If the Court, after reviewing this plea agreement, concludes that any

5    provision contained herein is inappropriate, it may reject the plea agreement and give the

6    defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P.

7    11(c)(5).

8    b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn,

9    vacated, or reversed at any time, this agreement shall be null and void, the United States

10    shall be free to prosecute the defendant for all crimes of which it then has knowledge and

11    any charges that have been dismissed because of this plea agreement shall automatically

12    be reinstated.  In such event, the defendant waives any and all objections, motions, and

13    defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional

14    restrictions in bringing later charges or proceedings.  The defendant understands that any

15    statements made at the time of the defendant's change of plea or sentencing may be used

16    against the defendant in any subsequent hearing, trial, or proceeding subject to the

17    limitations of Fed. R. Evid. 410.

18    **6.    WAIVER OF DEFENSES AND APPEAL RIGHTS**

19    The defendant waives (1) any and all motions, defenses, probable cause

20    determinations, and objections that the defendant could assert to the indictment or

21    information; and (2) any right to file an appeal, any collateral attack, and any other writ or

22    motion that challenges the conviction, an order of restitution or forfeiture, the entry of

23    judgment against the defendant, or any aspect of the defendant's sentence, including the

24    manner in which the sentence is determined, including but not limited to any appeals under

25    18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255

26    (habeas petitions), and any right to file a motion for modification of sentence, including

27    under 18 U.S.C. § 3582(c) (except for the right to file a compassionate release motion under

28    18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  This waiver shall

result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

7. **DISCLOSURE OF INFORMATION**

a.      The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and

(2)      financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

8. **FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule). If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and

shall not be a limitation on the methods available to the United States to enforce the judgment.

9.    **ELEMENTS**

**Material False Statement During the Purchase of a Firearm, Aid and Abet**

**18 U.S.C. §§ 922(a)(6), 924(a)(2), and 2**

To "aid and abet" means to intentionally help another person commit a crime.  To prove a defendant guilty of Material False Statement During the Purchase of a Firearm by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

On or about October 29, 2020, in the District of Arizona:

1.    The defendant committed the crime of Material False Statement During the Purchase of a Firearm;

    a.  The defendant knowingly made a false statement or representation in connection with the purchase of a firearm;

    b.  The defendant made the false statement or representation to a licensed dealer, importer, manufacturer, or collector of firearms, as defined in Chapter 44, Title 18, United States Code;

    c.  The statement pertained to information that the law requires the licensed dealer, importer, manufacturer, or collector to keep; and,

    d.  The false statement was material; that is, the false statement had a natural tendency to influence or was capable of influencing the seller into believing the firearm could be lawfully sold to the defendant.

The identity of the "actual" buyer is material to the lawfulness of the sale of a firearm.  A "straw" buyer's false indication on ATF Form 4473 that they are the "actual" buyer is material, even if the true buyer was legally eligible to own the firearm.  *Abramski v. United States*, 134 S. Ct. 2259, 2273 (2014).

- 6 -

2. Another person aided, counseled, commanded, induced, or procured the defendant with respect to at least one element of Material False Statement During the Purchase of a Firearm;

3. That other person acted with the intent to facilitate the Material False Statement During the Purchase of a Firearm; and

4. That other person acted before the crime was completed.

**10. FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

From approximately May 26, 2020, through November 27, 2021, Defendant ISAAC RAY GODFREY purchased a total of 55 firearms for $33,545 at multiple FFLs. Defendant ISAAC RAY GODFREY purchased those firearms on behalf of and in coordination with co-defendant Kevin James Lewis. Ten of these 55 firearms were recovered in the possession of someone other than Defendant ISAAC RAY GODFREY.

On October 29, 2020, Defendant ISAAC RAY GODFREY purchased a Ruger AR-556 pistol at Windy City Pawn in Phoenix, Arizona. Windy City Pawn is a Federal Firearms Licensee (FFL) licensed under Chapter 44 of Title 18 United States Code. To obtain the firearms, Defendant ISAAC RAY GODFREY completed the Firearms Transaction Record, known as ATF Form 4473, at Windy City Pawn on October 29, 2020. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

A question on ATF Form 4473 states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person." In response to that question, Defendant ISAAC RAY GODFREY selected "Yes" he

1    was the actual purchaser/buyer.  However, Defendant ISAAC RAY GODFREY

2    knew he was purchasing the firearm on behalf of and in coordination with co-

3    defendant Kevin James Lewis.

4        b.    The defendant shall swear under oath to the accuracy of this statement and,

5    if the defendant should be called upon to testify about this matter in the future, any

6    intentional material inconsistencies in the defendant's testimony may subject the defendant

7    to additional penalties for perjury or false swearing, which may be enforced by the United

8    States under this agreement.

9    <u>**APPROVAL AND ACCEPTANCE OF THE DEFENDANT**</u>

10       I have read the entire plea agreement with the assistance of my attorney.  I

11   understand each of its provisions and I voluntarily agree to it.

12       I have discussed the case and my constitutional and other rights with my attorney.

13   I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

14   to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

15   present evidence in my defense, to remain silent and refuse to be a witness against myself

16   by asserting my privilege against self-incrimination, all with the assistance of counsel, and

17   to be presumed innocent until proven guilty beyond a reasonable doubt.

18       I agree to enter my guilty plea as indicated above on the terms and conditions set

19   forth in this agreement.

20       I have been advised by my attorney of the nature of the charges to which I am

21   entering my guilty plea. I have further been advised by my attorney of the nature and range

22   of the possible sentence and that my ultimate sentence shall be determined by the Court

23   after consideration of the advisory Sentencing Guidelines.

24       My guilty plea is not the result of force, threats, assurances, or promises, other than

25   the promises contained in this agreement.  I voluntarily agree to the provisions of this

26   agreement and I agree to be bound according to its provisions.

27       I understand that if I am granted probation or placed on supervised release by the

28   Court, the terms and conditions of such probation/supervised release are subject to

1  modification at any time.  I further understand that if I violate any of the conditions of my

2  probation/supervised release, my probation/supervised release may be revoked and upon

3  such revocation, notwithstanding any other provision of this agreement, I may be required

4  to serve a term of imprisonment or my sentence otherwise may be altered.

5       This written plea agreement, and any written addenda filed as attachments to this

6  plea agreement, contain all the terms and conditions of the plea.  Any additional

7  agreements, if any such agreements exist, shall be recorded in a separate document and

8  may be filed with the Court under seal; accordingly, additional agreements, if any, may not

9  be in the public record.

10       I further agree that promises, including any predictions as to the Sentencing

11  Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

12  (including my attorney) that are not contained within this written plea agreement, are null

13  and void and have no force and effect.

14       I am satisfied that my defense attorney has represented me in a competent manner.

15       I fully understand the terms and conditions of this plea agreement.  I am not now

16  using or under the influence of any drug, medication, liquor, or other intoxicant or

17  depressant that would impair my ability to fully understand the terms and conditions of this

18  plea agreement.

19

20  10-15-24

21  Date                 ISAAC RAY GODFREY

                                       Defendant

22

23

24  **APPROVAL OF DEFENSE COUNSEL**

25       I have discussed this case and the plea agreement with my client in detail and have

26  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

27  constitutional and other rights of an accused, the factual basis for and the nature of the

28  offense to which the guilty plea will be entered, possible defenses, and the consequences

- 9 -

1  of the guilty plea including the maximum statutory sentence possible.  I have further

2  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

3  assurances, promises, or representations have been given to me or to the defendant by the

4  United States or any of its representatives that are not contained in this written agreement.

5      I concur in the entry of the plea as indicated above and that the terms and conditions

6  set forth in this agreement are in the best interests of my client.  I agree to make a bona fide

7  effort to ensure that the guilty plea is entered in accordance with all the requirements of

8  Fed. R. Crim. P. 11.

10  <u>10-21-24</u>
11  Date                                   KEILEMBO D. ELLISON
                                        Attorney for Defendant

### APPROVAL OF THE UNITED STATES

14      I have reviewed this matter and the plea agreement.  I agree on behalf of the United

15  States that the terms and conditions set forth herein are appropriate and are in the best

16  interests of justice.

                                      GARY M. RESTAINO
                                    United States Attorney
                                    District of Arizona

                                    Digitally signed by JACQUELINE
                                    SCHESNOL
                                    Date: 2024.06.12 16:55:45 -07'00'

21  Date                                         JACQUELINE SCHESNOL
                                    Assistant U.S. Attorney

### ACCEPTANCE BY THE COURT

27  Date                                         HONORABLE DAVID G. CAMPBELL
                                    United States District Judge